UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL CASE NO. 3:15-cr-00302-RJC-DSC-1

| | |
|---|---|
| ANTHONY LEON BOST, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on the Petitioner's Pro Se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. [Doc. 192].

I.  BACKGROUND

On May 17, 2016, Petitioner Anthony Leon Bost ("Petitioner") was charged in a Superseding Bill of Indictment with one count of aiding and abetting armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) and 2 (Count One); one count of aiding and abetting the brandishing a firearm in furtherance of a crime of violence, that is, the armed bank robbery charged in Count One, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Two); one count of being a felon-in-possession of a firearm in violation 18 U.S.C. § 922(g)(1) (Count Four); one count of Hobbs Act conspiracy in violation of 18 U.S.C. § 1951(a) (Count Five); and one count of aiding and abetting the brandishing and discharging of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c) and 2 (Count Six). [CR Doc. 75: Superseding Bill of Indictment].

The parties reached a plea agreement pursuant to which Petitioner agreed to plead guilty to Counts One, Two, and Five as set forth in the Superseding Bill of Indictment and the Government agreed to dismiss Counts Four and Six. [CR Doc. 102: Plea Agreement]. On July

27, 2016, Petitioner pleaded guilty in accordance with the plea agreement. [CR Doc. 102: Entry and Acceptance of Guilty Plea]. On December 15, 2016, Petitioner was sentenced to a term of imprisonment of 175 months on each of Counts One and Five, to be served concurrently, and a term of imprisonment of 84 months on Count Two, to be served consecutively to the terms imposed on Counts One and Five, for a total term of imprisonment of 259 months. [CR Doc. 151 at 2: Judgment]. Judgment on Petitioner's conviction was entered on December 27, 2016. [Id.]. Petitioner appealed and the Fourth Circuit affirmed. [CR Docs. 154, 170].

On July 17, 2018, Petitioner filed a motion to vacate under § 2255, which the Court denied and dismissed on the merits. [Docs. 178, 185]. On March 14, 2014, Petitioner filed the instant § 2255 motion to vacate in which he primarily seeks relief under United States v. Taylor, 142 S.Ct. 2015 (2022). [Doc. 192]. He asks the Court to vacate his sentence. [Id. at 1].

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

When an initial motion pursuant to § 2255 has been adjudicated on the merits, a second or successive motion under the statute must be certified by the court of appeals before it may be filed with this Court. 28 U.S.C. § 2255(h). To certify a second or successive § 2255 motion for filing with this Court, the court of appeals must find that the motion contains either: "(1) newly

2

discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id.

As noted, on July 17, 2018, Petitioner previously filed a motion to vacate the same criminal conviction and sentence he challenges here, which was dismissed on the merits, and Petitioner provides no evidence that he has obtained authorization from the Fourth Circuit to file a second or successive § 2255 motion. Consequently, the Court lacks jurisdiction to consider the instant motion to vacate, and it must be dismissed. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

**IV.     CONCLUSION**

For the foregoing reasons, the Court will dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3

Case 3:15-cr-00302-RJC-DSC     Document 194     Filed 03/29/24     Page 3 of 4

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 192] is **DISMISSED** as a successive petition.

**IT IS FURTHER ORDERED** that the Court declines to grant a certificate of appealability.

**IT IS SO ORDERED.**
Signed: March 29, 2024

Robert J. Conrad, Jr.
United States District Judge